FULMER, Judge.
Mary Wood, the plaintiff in a wrongful death action, appeals the dismissal with prejudice of her complaint. We reverse.
On October 23,1992, Wood’s son was killed in an automobile accident with a tractor trailer which was driven by Oliver Lee Henry, Jr., an employee of H & B Transport, Inc. As personal representative of her son’s estate, Wood filed a wrongful death action against H & B Transport based on allegations that H & B Transport owned the tractor trailer and that it was either negligently operated by Henry or that it was negligently maintained by H & B Transport. During discovery, Wood learned certain facts which caused her to file a motion to amend the complaint to add a count for negligent hiring against Kelli Martin as an additional defendant. For reasons that are not set forth in the trial court’s order and cannot be determined from the record before us, the motion to amend was denied. The written order was rendered November 2, 1994. However, the trial court apparently announced its denial at the conclusion of the hearing on the motion which was held September 29, 1994.
Because the two-year statute of limitations would expire on October 23,1994, Wood filed a second complaint, which is the subject of this appeal, on October 21,1994. The second complaint includes a negligence claim against Howard Martin, the owner of the tractor trader, and Oliver Henry, the driver, a claim for negligent hiring against Kelli Martin and H & B Transport, and a claim for negligent retention against Kelli Martin and H & B Transport.
On November 8, 1994, the trial court entered an order continuing the trial date of the first case. Several days later, the defendants in the second case moved to dismiss that complaint with prejudice, claiming that Wood was impermissibly splitting causes of action that should have been brought in the first case. The defendants also opposed consolidation of the two cases, claiming that consolidation would circumvent the trial court’s order denying leave to amend in the first case.
The trial court granted the motion to dismiss the second complaint with prejudice, finding that the second complaint “constitutes an impermissible splitting of causes of action” between this case and the first case filed. Wood’s motion to consolidate was then denied as moot. Subsequently, the first case was stayed pending resolution of this appeal.
Wood claims that the trial court erred in dismissing the second case on the basis that she had impermissibly split causes of action. Wood also challenges the trial court’s denial of her motion to consolidate the two cases. We conclude that we need not address the question of whether the second complaint splits causes of action because the procedural history and the rulings in the first and second cases have produced a legal dilemma that cannot be resolved by answering this question. If we hold that the second complaint impermissibly splits causes of action, it is clear that the trial court erred by denying Wood’s motion to amend the first complaint. On the other hand, if we conclude that the second complaint does not constitute an impermissible splitting of causes of action, it is clear that the trial court erred by dismissing the complaint with prejudice and by failing to consolidate the two cases. Either approach leaves Wood in the position of being unjustly precluded from bringing claims she should be entitled to maintain.
Because consolidation will allow all claims to be presented without further delay, we reverse the order dismissing the complaint with prejudice and direct the trial court to grant Wood’s motion to consolidate the two cases.
Reversed and remanded with directions.
DANAHY, A.C.J., and PARKER, J., concur.